UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis D. Richardson, | ) | Civil Action No.: 4:08-3852-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Robert Pachak, Appellate Defender; | ) | |
| Commission on Indigent Defense; | ) | |
| Division of Appellate Defense, et | ) | |
| al, individually and officially, | ) | |
| | ) | |
| Defendants. | ) | |

## I. PROCEDURAL HISTORY

The *pro se* plaintiff filed this action in the Court of Common Pleas for Richland County. Defendants filed a Notice of Removal to federal court on November 21, 2008.[1] Defendants filed a motion for summary judgment on April 23, 2009. The undersigned issued an order filed April 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a motion for extension of time to file a response which was granted by order on May 28, 2009. Plaintiff filed a response in opposition on June 30, 2009.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] It appears from the last notice of change of address that plaintiff is no longer incarcerated.

## II. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges in his one page complaint that "due process" rights were violated by defendant Pachak because as his appointed attorney, Pachak, refused to file a "motion for bond pending appellate review." (Complaint). Specifically, plaintiff alleges as follows in his complaint, quoted verbatim:

> In July 2008, I filed an appeal from the Order of Dismissal from the Horry County Court of Common Pleas relevant to my application for Post-conviction relief. Shortly thereafter Robert Pachak of the Office of Appellate Defense was assigned to represent me. I attempted to file a motion for bail pending appellate review. However, by letter date 9/11/2008 the Supreme Court relayed to me that the motion was forwarded to Robert M. Pachak for filing since he now was my attorney because based on the same pro se motions can not be considered by the court. On 10/13/08 I spoke with attorney Pachak whom stated "I will not file this petition for bail."

(Complaint).

Plaintiff seeks "500,000.00 for the defendants violation of my right to Due Process and Legal Malpractice. Issue and Order directing the Defendant to submit petition for bail to the court."

Defendants filed a motion for summary judgment.

## III. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does

not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. ANALYSIS

Defendants argue they are not persons as defined by 42 U.S.C. §1983. Defendants assert that states and state agencies are not "person" and not subject to suit and an

3

attorney, whether retained, court-appointed or a public defender, does not act under color of state law pursuant to §1983. Therefore, defendants assert that summary judgment should be granted in their favor.

In order to state a viable claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D.Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301(E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 WL 115759

(S.D.N.Y. Jun 20, 1991). It is recommended that summary judgment be granted for the defendants as they are not "persons" as defined by 42 U.S.C. §1983.

Additionally, plaintiff names as defendant Robert Pachak, his appointed counsel in his appeal of his post-conviction appeal. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, to the extent Plaintiff sues this Defendant for actions, or lack thereof, performed during the appeal of his PCR hearing, his claim must fail. Therefore, it is recommended that defendant's motion for summary judgment be granted.

## V. PENDENT JURISDICTION

Assuming plaintiff's § 1983 claim is dismissed by this Court and plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## VI. INJUNCTIVE RELIEF

On September 14, 2009, plaintiff filed a motion for a preliminary injunction/temporary restraining order. Based on the plaintiff's change of address with

the court, he has been released from the SCDC which was the relief requested. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

## VII.  CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the motion filed by defendants (document #16) for summary judgment be GRANTED IN ITS ENTIRETY.

IT IS FURTHER RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 26, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**