IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis D. Richardson, | ) | Civil Action No.: 4:08-cv-03852-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Pachak, Appellate Defender; | ) | |
| Commission on Indigent Defense; | ) | |
| Division of Appellate Defense, et al, | ) | |
| individually and officially, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1]  In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' Motion for Summary Judgment [Docket #16].  This matter is ripe for review.

**<u>Procedural History</u>**

This case was initiated when the Plaintiff filed a Complaint in the Court of Common Pleas for Richland County.  On November 21, 2008, the Defendants filed a Notice of Removal to federal court. Further, the Defendants filed a Motion for Summary Judgment on April 23, 2009. The Plaintiff filed a motion for extension of time to file a response, which was granted by order on May 28, 2009.  Subsequently, the Plaintiff filed a response in opposition on June 30, 2009. The Magistrate Judge issued an R&R on January 26, 2010, in which he recommends that the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

Court grant the Defendants' Motion for Summary Judgment. The Plaintiff has filed objections; however, the Plaintiff's objections are untimely.[2]

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] At the time the Plaintiff brought this suit, he was incarcerated in the Evans Correctional Institute. However, since the case was filed, the Plaintiff has filed three notices of change of address [Docket # 12, 31 & 32]. The third notice, which was filed prior to the R&R, lists a private, home address: 4432 Railroad Avenue, Loris, SC, 29569. Since the Plaintiff was no longer incarcerated when the R&R was issued, he was no longer subject to the "prisoner mailbox rule." After the Court granted an extension of time to file objections, any objections to the R&R were due by February 18, 2010. However, the Plaintiff's objections were not postmarked until February 19, 2010, and were received by the Court the same day. Nonetheless, in an abundance of caution, the Court will conduct a *de novo* review of the Plaintiff's objections.

## **Discussion**

The Plaintiff first objects to the Magistrate Judge's recommendation concerning his claim pursuant to 42 U.S.C. § 1983 against attorney Pachak for failing to file his petition for bail. The Magistrate Judge found that the defendants are not "persons" acting "under color of state law" as defined by § 1983. The Plaintiff objects, claiming that "Defendant was sued in his individual and official capacity." Nonetheless, the Magistrate Judge is correct. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson,* 454 U.S. 312, 317-325 (1981); *Deas v. Potts,* 547 F.2d 800, 800 (4th Cir. 1976); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (stating that generally neither state nor state official acting in official capacity are "persons" within meaning of § 1983). In regards to Defendant Commission on Indigent Defense, § 1983 "will not support a claim based on a *respondeat superior* theory of liability" or a general allegation of administrative negligence. *See Polk County,* 454 U.S. at 325-26.

The Plaintiff next objects to the Magistrate Judge's finding that the Plaintiff's motion for a preliminary injunction/temporary restraining order is moot. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. *Williams v. Griffin,* 952 F.2d 820, 825 (4th Cir. 1991). Based on the Plaintiff's change of address with the Court, he apparently has been released from the South Carolina Department of Corrections, which was the relief requested. Thus, the Plaintiff's motion for a preliminary injunction/temporary restraining order is moot.

To the extent that the Plaintiff's Complaint can somehow be perceived to state an additional claim for relief under any state common law theory, the Court declines to continue the

3

action as to the pendent claims. *See* 28 U.S.C. § 1367(c) (declining supplemental jurisdiction is proper when "the district court has dismissed all claims over which it has original jurisdiction").

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate. Additionally, summary judgment is appropriate based on the untimeliness of the objections, as there is no clear error in the Magistrate Judge's R&R.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket #16] is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 10, 2010

4